**08 CV 01585**

Amanda M. Fugazy (AF-6772)
Paul P. Rooney (PR-0333)
FUGAZY & ROONEY LLP
225 Broadway, 39th Floor
New York, NY 10007
(212) 346-0579

Howard L. Balsam (HB-3820)
THE LAW OFFICES OF HOWARD BALSAM
122 East 42nd Street, Suite 1700
New York, New York 10168
(212) 543-9999

RECEIVED
FEB 15 2008
U.S.D.C. S.D. N.Y.
CASHIE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ARTHUR ASHE, ADAM COHEN, KERMIT V. EUBANKS,
JAMAR GREEN, VICTOR JOHNSON, HERSHEAL
JONES, SARAH KIGGUNDU, STEPHEN JOHN LEWIS,
JASON LIEBERMAN, PAULA C. MERCADO, BRAIN
NALTY, SAMANTHA J. NOEL, JABARI RAY, RAUL
RIVERA, PHILIPPE STEINITZ, CHRIS TIETZ, KARAMO
K. WASHINGTON, and JAMAL WRIGHT, on behalf of
themselves and all others similarly situated,

08 Civ.

**COMPLAINT**

JURY TRIAL
DEMANDED

Plaintiffs,

-against-

FRANLIN FIRST FINANCIAL, LTD.,

Defendant.

-------------------------------------------------------------X

Plaintiffs Arthur Ashe, Adam Cohen, Kermit V. Eubanks, Jamar Green, Victor Johnson,

Hersheal Jones, Sarah Kiggundu, Stephen John Lewis, Jason Lieberman, Paul C. Mercado, Brian

Nalty, Samantha J. Noel, Jabari Ray, Raul Rivera, Philippe Steinholz, Chris Tietz, Karamo K.

Washington, and Jamal Wright (collectively "Plaintiffs"), on behalf of themselves and all others

similarly situated, allege, as follows:

## SUMMARY

1.    This is a collective and class action action seeking to recover unpaid compensation,

liquidated damages, pre-judgment and post-judgment interest and reasonable attorneys' fees and

costs relating to willful violations of the Fair Labor Standards Act and the New York State Labor Law by defendant Franklin First Financial Ltd. ("Franklin First" or "Defendant").

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 because Plaintiffs bring their claims in this Complaint under The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219 ("FLSA").

3.    This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, because the state claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiffs and Defendant.

4.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs claims took place in New York, New York, which is encompassed within this judicial district. Specifically, Franklin First employed Plaintiffs at offices located at 17 Battery Place, New York, New York , when it unlawfully failed to pay them overtime pay.

## PARTIES

5.    Plaintiffs are individuals and were each employed as loan officers by Franklin First at its New York City Office then located at 17 Battery Place, New York, New York.

6.    Plaintiffs are employees as defined by §3(e) (1) of the FLSA, 29 U.S.C. §203(e)(1).

7.    Plaintiffs reported to, and worked under, the supervision of Defendant Franklin First's management employees.

8.    Plaintiffs' duties did not entail significant discretionary decision making or supervision of others.

9.    Plaintiffs' primary duty was to sell loans over the telephone. These sales activities were conducted almost exclusively inside Defendant Franklin First's offices.

10.    Potential borrowers were contacted directly by the Plaintiffs over the telephone.

11.    Each Plaintiff's job was to sell loans to borrowers.

12.    Because of their duties and nature of their positions, Plaintiffs and other Loan Officers did not fall within any of the exceptions to the minimum pay and overtime pay requirements of the FLSA and/or the New York State Labor Law.

13.    The Plaintiffs' consents to sue under 29 U.S.C. § 216 are annexed to this Complaint.

14.    Defendant Franklin First is a domestic business corporation organized, upon information and belief, under the laws of the State of New York and is authorized to provide, and does provide, business and mortgage lending services in New York State.

15.    Franklin First's principal place of business is located at 329 Hempstead Turnpike, West Hempstead, New York.

16.    At all relevant times, Franklin First has been, and continues to be, an "employer" under the Fair Labor Standards Act and the New York State Labor Law. Franklin First's business was, and is, engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiffs bring Count I, as set forth below, as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all Loan Officers employed by Defendant Franklin First on or after the date that is three years before the filing of the Complaint in this case and, insofar as the statute of limitations is equitably tolled as a result of Defendant's failure to post required notices or otherwise inform Loan Officers including Plaintiffs of their rights under the FLSA, on behalf of those Loan Officers who were employed on or after the date that is six years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

18.   At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, programs, practices, procedures, protocols, routines and rules that have resulted in Defendant willfully failing and refusing to pay them at the legally required wage of one and one half times their normal hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.   The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last known address known to Defendant.

## RULE 23 CLASS ALLEGATIONS – New York STATE LAW CLAIMS

20.   Plaintiffs bring the Second Count, as set forth below, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of themselves and all Loan Officers employed by Defendant at its New York City location on or after the date that is six years prior to the filing of the Complaint in this case (the "Class").

21.   Plaintiffs are members of the class of persons Defendant wrongfully denied overtime pay.

22.   Upon information and belief, the Class is so numerous that joinder of all members of this Class is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than one hundred (100) members of the Class.

23.   There are questions of law and fact common to all members of the Class.

4

24.    The claims of Plaintiffs as representative parties are typical of the claims of the Class.

25.    Plaintiffs will fairly and adequately represent the interests of the Class.

26.    A class action is superior to other methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual Class members may lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done them.

27.    The class members are readily ascertainable. The number and identity of the Class members are determinable from records of Defendant. The hours assigned and worked, the positions held and the rates of pay for each class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FRCP 23.

28.    The disposition of the class members' claims as a class will benefit the parties and the Court. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.

5

29. All the Class members were subject to the same corporate practice of Defendant, as

alleged herein, of failing to pay overtime compensation. Defendant's policies and practices in its

New York City Office affected all Class members similarly and Defendant benefited from the

same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class

members sustained similar losses, injuries, and damages arising from the same unlawful policies,

practices and procedures.

30. Plaintiffs are able to fairly and adequately protect the interests of the Class and have

no interest antagonistic to the Class.

31. Plaintiffs are represented by attorneys who are experienced and competent in both

class action litigation and employment litigation and have previously represented parties in wage

and hour cases.

32. Important public interests will be served by addressing the matter as a class action.

The adjudication of individual litigation claims would result in a great expenditure of Court and

public resources; however, treating the claims as a class will result in a significant saving of

these costs. The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to the individual members of

the Class, establishing incompatible standards of conduct for Defendant and resulting in the

impairment of class members' rights and the disposition of their interests through actions to

which they were not parties. The issues in this action can be decided by means of common,

class-wide proof.

33. Defendant violated the New York Labor Law with respect to the Class members.

Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including whether Defendant properly compensated Class members for overtime.

## FACTS

35. Defendant maintained a policy of requiring Loan Officers, including Plaintiffs, to work in excess of forty hours per week and in excess of ten hours in a workday.

36. Plaintiffs consistently and routinely worked in excess of forty hours per workweek.

37. Plaintiffs were not compensated at one and one-half their normal hourly rate for hours that they worked in excess of forty per workweek.

38. Plaintiffs frequently worked in excess of ten hours in a workday.

39. The position of Loan Officer does not fall within any exemption from the FLSA or New York State's requirements for overtime pay.

40. Defendant's failure to lawfully pay the Plaintiffs was willful.

### COUNT I: THE FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS
### (Brought by Plaintiffs on Behalf of themselves and the Collective Plaintiffs)

41. Plaintiff adopts by reference all preceding paragraphs of this Complaint.

42. Defendant's failure to pay Plaintiffs premium overtime pay for all hours worked over forty in any workweek violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

43. Defendant's violation of the Fair Labor Standards Act was willful.

44.    Defendant is liable to Plaintiffs for premium overtime pay, plus liquidated damages in the amount of the overtime pay Defendant wrongfully withheld, pre-judgment and post-judgment interest, attorneys' fees, costs, disbursements, and expert witness fees.

## COUNT II: STATE LAW OVERTIME VIOLATIONS
### (Brought by Plaintiffs on Behalf of Themselves and the Class)

45.    Plaintiffs adopt by reference all preceding paragraphs of this Complaint.

46.    Defendant's failure to pay premium overtime pay to Plaintiffs violated The New York Labor Law and its implementing regulations.

47.    Defendant is liable to Plaintiffs for unpaid overtime pay, liquidated damages in the amount of 25 percent of the unpaid over time, pre-judgment and post-judgment interest, attorneys' fees, costs, disbursements, and expert witness fees.

48.    Plaintiffs bring this Count of their Complaint as a class action on behalf of all Loan Officers employed by Defendant in New York State on or after the date that is six years prior to the filing of the Complaint in this case.

49.    If this Court certifies a class action under Fed. R. Civ. P. 23, Plaintiffs will waive their claims under The New York Labor Law for liquidated damages in the amount of twenty-five percent of the wrongfully withheld unpaid overtime pay that they are owed by Defendant.

## JURY DEMAND

50.    Plaintiffs demand trial by jury on all issues in this action.

8

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs

and members of the Class, pray for relief and pray that the Court:

A. Designate this action a collective action on behalf of the FLSA Collective Plaintiffs and promptly issue of notice under 29 U.S.C. § 216(b) to all similarly situated Loan Officers, apprising them of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms; and

B. Enter judgment in favor of Plaintiffs and all other similarly situated persons, on Count I of the Complaint, and award them: (1) unpaid overtime pay; (2) liquidated damages in an amount equal to the unpaid overtime pay; (3) attorneys' fees and disbursements; (4) costs; and (5) pre-judgment and post-judgment interest at the prevailing rate; and

C. Enter judgment in favor of Plaintiffs and/or the Class, on Count II of the Complaint, and award them and the Class: (1) unpaid overtime pay; (2) liquidated damages in the amount of 25 percent of the unpaid overtime (3) attorneys' fees and disbursements; (4) costs, and (5) pre-judgment and post-judgment interest at the prevailing rate; and

Dated:   February 15, 2008                    Respectfully submitted,
         New York, New York

                                              FUGAZY & ROONEY LLP

                                              By: _____
                                              Amanda M. Fugazy (AF-6772)
                                              Paul P. Rooney (PR-0333)
                                              225 Broadway, 39th Floor
                                              New York, New York 10007
                                              (212) 346-0570

                                              Howard L. Balsam (HB-3820)
                                              THE LAW OFFICES OF HOWARD BALSAM
                                              122 East 42nd Street, Suite 1700
                                              New York, New York 10168
                                              (212) 543-9999

                                              *Attorneys for Plaintiffs, Proposed Collective Action Members and Proposed Class*

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Arthur Ashe_

Print Name: _Arthur Ashe_

Date Signed: _2/8/08_

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: _____Adam Cohen_____

Date Signed: ___2/15/08_____

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Kermit V. Eubanks_

Print Name: _KERMIT V. EubANKS_

Date Signed: _02-08-08_

# CONSENT TO JOIN COLLECTIVE ACTION
Case 1:08-cv-01585-RMB    Document 1    Filed 02/15/2008    Page 13 of 27
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Jamae Green_

Print Name: _Jamar Green_

Date Signed: _2/8/08_

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: VICTOR JOHNSON

Date Signed: 2/8/2008

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: _HERSHEAL JONES_____

Date Signed: _2/8/08_____

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Stephen John Lewis_

Print Name: _Stephen John Lewis_

Date Signed: _2/08/08_

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: ___Jason Lieberman___

Date Signed: ___2/8/08___

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Paula C Mercado_

Print Name: _Paula C Mercado_

Date Signed: _2 | 8 | 2008_

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: __Brian Nalty__

Date Signed: __2.8.08__

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: ___Samantha J. Noel___

Date Signed: ___2\3\08___

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: _____JABARI RAY_____

Date Signed: _____2/8/08_____

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)**

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: _____Sarah Kiagundu_____

Date Signed: _____February 11, 2008_____

# CONSENT TO JOIN COLLECTIVE ACTION

Pursuant to Fair Labor Standards Act 29 U.S.C. §16(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fagazy, Esq., of Fagazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _R. R._

Print Name: RAUL RIVERA

Date Signed: 2-13-08

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: PHILIPPE STEINITZ.

Date Signed: 2/8/08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _____

Print Name: Chris Tietz

Date Signed: 2-8-08

# CONSENT TO JOIN COLLECTIVE ACTION
## Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Karamo K. Washington_

Print Name: _Karamo K. Washington_

Date Signed: _February 8th 2008_

CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)
Case 1:08-cv-01585-RMB    Document 1    Filed 02/15/2008    Page 27 of 27

1. I worked as an employee for Franklin First in its New York City office.

2. I consent and agree to become a plaintiff in a lawsuit against Franklin First or its affiliates or successors (collectively "Franklin First") to pursue my claims arising out of uncompensated work time including straight time and overtime.

3. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of the lawsuit.

4. I hereby designate Paul P. Rooney, Esq. and Amanda M. Fugazy, Esq., of Fugazy & Rooney LLP, and Howard A. Balsam, Esq. to represent me for all purposes in this action and as the collective action representatives for this case.

Signature: _Jamal Wright._

Print Name: _Jamal Wright._

Date Signed: _2/05/08._