UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ARTHUR ASHE, ADAM COHEN, KERMIT V. EUBANKS,　　08 CV 01585
JAMAR GREEN, VICTOR JOHNSON, HERSHEAL
JONES, SARAH KIGGUNDU, STEPHEN JOHN LEWIS,　　RULE 7.1
JASON LIEBERMAN, PAULA C. MERCADO, BRAIN　　STATEMENT
NALTY, SAMANTHA J. NOEL, JABARI RAY, RAUL
RIVERA, PHILIPPE STEINITZ, CHRIS TIETZ, KARAMO
K. WASHINGTON, and JAMAL WRIGHT, on behalf of
themselves and all others similarly situated,

　　　　　　　　　　　　　　Plaintiffs,

　-against-

FRANKLIN FIRST FINANCIAL, LTD.,

　　　　　　　　　　　　　　Defendants.
-------------------------------------------------------------------------X

　　Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned attorney of record for Franklin First Financial, LTD. certifies that there are no parent companies or subsidiaries of the defendant, Franklin First Financial, LTD.

Dated: Westbury, New York
　　　April 15, 2008

　　　　　　　　　　　　　　Law Offices of Neil H. Greenberg & Associates, P.C.
　　　　　　　　　　　　　　By: Neil H. Greenberg, Esq. (NG 1307)
　　　　　　　　　　　　　　Attorneys for the Defendant
　　　　　　　　　　　　　　900 Merchants Concourse, Suite 214
　　　　　　　　　　　　　　Westbury, New York 11590
　　　　　　　　　　　　　　(516) 228-5100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARTHUR ASHE, ADAM COHEN, KERMIT V. EUBANKS,    08 CV 01585
JAMAR GREEN, VICTOR JOHNSON, HERSHEAL
JONES, SARAH KIGGUNDU, STEPHEN JOHN LEWIS,    ANSWER
JASON LIEBERMAN, PAULA C. MERCADO, BRAIN
NALTY, SAMANTHA J. NOEL, JABARI RAY, RAUL
RIVERA, PHILIPPE STEINITZ, CHRIS TIETZ, KARAMO
K. WASHINGTON, and JAMAL WRIGHT, on behalf of
themselves and all others similarly situated,

                              Plaintiffs,

    -against-

FRANKLIN FIRST FINANCIAL, LTD.,

                              Defendants.
-------------------------------------------------------------------X

       The Defendant, Franklin First Financial, LTD., by and through its attorneys, the Law Offices of Neil H. Greenberg & Associates, P.C., as and for its Answer to the Plaintiffs' Complaint, respectfully sets forth as follows:

       1. The defendant denies the allegations set forth in paragraphs 1, 2, 3, 4, and 6 of the complaint and respectfully refers all questions of law to the Honorable Court.

       2. The defendant denies the allegations contained in paragraph 5 of the complaint except admits that the plaintiffs were employed by the defendant as loan officers at an office located at 17 Battery Park Place South, New York, NY.

       3. The defendant denies the allegations contained in paragraphs 7 and 8 of the complaint.

       4. The defendant denies the allegations contained in paragraphs 9 and 10 of the complaint except admits that the plaintiffs used telephones to communicate with potential borrowers.

5. The defendant denies the allegations contained in paragraph 11 of the complaint except admits that part of the plaintiffs' responsibilities were to solicit potential borrowers.

6. The defendant denies the allegations contained in paragraph 12 of the complaint.

7. The defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the complaint.

8. The defendant admits the allegations contained in paragraphs 14 and 15 of the complaint.

9. The defendant denies the allegations contained in paragraphs 16, 17, and 20 of the complaint and respectfully refers all questions of law to the Honorable Court.

10. The defendant denies the allegations contained in paragraphs 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, and 40 of the complaint.

11. The defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the complaint.

### ANSWERING COUNT I

12. The defendant denies the allegations contained in paragraphs 42, 43, and 44 of the complaint.

### ANSWERING COUNT II

13. The defendant denies the allegations contained in paragraphs 46 and 47 of the complaint.

14. The defendant denies the allegations contained in paragraph 48 of the complaint and respectfully refers all questions of law to the Honorable Court.

15. The defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 49 and 50 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. Upon information and belief, this action is barred, in whole or in part, by the settlement reached in the matter of <u>Shaun Hickmon, Individually and on Behalf of All other persons similarly situated v. Franklin First Financial, LTD.</u>, 06 CV 1686, which is to be presented for approval before the Honorable Justice Denis R. Hurley of the United States District Court for the Eastern District of New York.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. Upon information and belief, the plaintiffs' complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18. Upon information and belief, the plaintiffs fall within the outside sales exemption set forth in 29 USCS § 213 and the regulations pertaining thereto.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

19. Upon information and belief, the defendant is exempt from the requirements of 29 USCS § 207 as it falls within the retail or service establishment exception set forth in 29 USCS § 207(i) and the regulations pertaining thereto.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

20. Upon information and belief, the plaintiffs' claims are barred, in whole or in part, by the Fair Labor Standard Act's statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. Upon information and belief, the Fair Labor Standard Act's two year statute of limitations is applicable to this action as the defendant's alleged conduct was not willful.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

22. Upon information and belief, the plaintiffs' claims are barred, in whole or in part, by CPLR § 901(b).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

23. Upon information and belief, the plaintiffs are not employees as defined in § 651 of the New York State Labor Law.

WHEREFORE, the defendant demands judgment dismissing the plaintiffs' complaint in its entirety, together with such other, further, and/or different relief as to this Court deems just and proper.

Dated: Westbury, New York
April 9, 2008

Law Offices of Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq. (NG 1307)
Attorneys for the Defendant
900 Merchants Concourse, Suite 214
Westbury, New York 11590
(516) 228-5100