# FUGAZY & ROONEY LLP

ATTORNEYS AT LAW

Writer's Direct Dial:
212-346-0579
Writer's Direct Email:
prooney@fugazyrooney.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/08

MEMO ENDORSED

June 19, 2008

**VIA HAND DELIVERY**

The Honorable Richard M. Berman
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Arthur Ashe, et al. v. Franklin First Financial, Ltd.*
    08 cv 1585 (RMB)(HP)

Honorable Sir:

> Conference on 7/9/08 @ 9:30. Court has not seen Def. letter to J. Hurley (where is it?)
>
> SO ORDERED:
> Date: 6/24/08   Richard M. Berman
> Richard M. Berman, U.S.D.J.

We represent the Plaintiffs in the above referenced lawsuit. This correspondence is in reply to Defendant's letter opposing our request for an order granting Plaintiffs leave to amend the Complaint to add Frederick L. Assini ("Assini"), President and Chairman of the Board of Defendant Franklin First Financial, Ltd. as a defendant on the basis that he is an employer under the Fair Labor Standards Act ("FLSA").

Defendant opposes Plaintiffs' request on futility grounds, hinging its argument on its claim that Assini did not exercise operational control over the corporation during the relevant period. Plaintiffs will plead that Mr. Assini did exercise the four relevant indicia of operational control during the relevant period.

When determining whether a person is an "employer" for purposes of the FLSA, the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the "economic reality" presented by the facts of each case. Under the "economic reality"' test, courts consider whether the alleged employer had the

New York City Office: 225 Broadway, 39th Floor, New York, NY 10007 • 212-346-0570 • 484-805-7022 fax
Long Island Office: 126 Glen Street, Glen Cove, NY 11542 • 516-584-1642 • 484-805-7022 fax

*www.fugazyrooney.com*

<u>Fugazy & Rooney LLP</u>

June 19, 2008
Page 2

power to (1) hire/fire employees, (2) supervise or control employee work schedules or conditions of employment, (3) determine the rate and method of payment, and (4) maintain employment records. No one factor is dispositive and a totality of the circumstances must be considered. *Chan v. Sung Yue Tung Corp.*, 2007 U.S. Dist. LEXIS 7770, at *33-34 (S.D.N.Y. 2007)(internal citations and quotations omitted).

The adequacy of a proposed amended complaint is judged by the same standard as that applied to a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *Ello v. Sing,* 531 F. Supp. 2d 552, 561 (S.D.N.Y. 2007). The Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). In the case at bar, if permitted to amend, we will include numerous allegations regarding Assini's operational control, including the following: Plaintiffs were routinely told by Richard Preisig, the manager in charge of Defendant's office at 17 Battery Place, New York, New York, that Assini made the rules regarding hours and terms and conditions of employment, that any deviation from those rules or terms had to be cleared with Assini, that the pay-out to loan officers on deals had to be cleared with Assini, that all terminations had to cleared with Assini, and that Assini made all important decisions. Plaintiffs will further allege that in October 2005 personally spoke with a former employee to tell him that Assini would speak to the employee's supervisor to resolve a dispute over commissions the former employee was owed. Moreover, Plaintiffs will allege that in or about August 2005 Assini spoke to directly to a loan officer to inform him that a lawsuit had arisen from a mortgage sold

**FUGAZY & ROONEY LLP**

June 19, 2008
Page 3

by the loan officer and to advise him that he should hire an attorney. The facts stated above, on their face, state a plausible claim to hold Assini liable as an "employer" under the FLSA.

Additionally, when considering a Rule 12(b)(6) motion, a court must limit itself to facts stated in the complaint, documents attached to the complaint, and documents incorporated into the complaint. *Ello*, 531 F. Supp. 2d at 562 (internal citations omitted). The Court must accept as true Plaintiff's allegations, and draw all inferences in Plaintiff's favor. *Id.* At this stage, the Court need not concern itself with weighing the evidence which may be presented at trial. *Id.* Accordingly, Defendant's argument that Assini was not the Franklin First's "Qualifier" during the relevant time period provides no basis to deny Plaintiffs leave to amend the Complaint. Moreover, that Assini may have violated New York state banking laws by engaging in the supervisory and managerial acts described above does not absolve him of liability as an "employer" under the FLSA.

Accordingly, Plaintiffs respectfully request that the Court grant them leave to amend the Complaint to add Frederick L. Assini, President and Chairman of the Board of Defendant Franklin First Financial, Ltd., as a Defendant.

Respectfully yours,

FUGAZY & ROONEY LLP

By: *Paul P. Rooney*
Paul P. Rooney

cc: Neil Greenberg, Esq. (By Fax and U.S. Mail)